IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                          PLAINTIFF

v.                          Case No. 4:11-cr-40009-001
                            Case No. 4:13-cv-4003

DANIEL MILLER                                                     DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed April 25, 2013, by the Honorable

Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  (ECF No.

132).  Judge Bryant recommends that Defendant's Motion to Vacate, Set Aside, or Correct Sentence

Pursuant to 28 U.S.C. § 2255 (ECF No. 85) be denied and dismissed.  He also recommends finding

that an appeal would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a).  Defendant filed

objections to the Report and Recommendation.  (ECF No. 134).  The Government responded.  (ECF

No. 137).  Defendant filed a reply.  (ECF No. 138).  Defendant then filed a second set of objections

to the Report and Recommendation.  (ECF No. 141).  The Court has considered all of these

documents, and it finds this matter ripe for its consideration.

Miller was named in a five-count Indictment in February 2011 for various drug charges.

(ECF No. 4).  He was found guilty by a jury on all five counts.  (ECF No. 43).  The Court sentenced

Miller to a term of 360 months for each of the five counts to run concurrently, a five-year term of

supervised release, a denial of federal benefits for a term of five years, and a $100.00 special

assessment per count of the conviction.  (ECF No. 59).  The Eighth Circuit Court of Appeals

affirmed the conviction and sentence. *See United States v. Miller*, 698 F.3d 699 (8th Cir. 2012), *cert.

denied*, 133 S.Ct. 1296 (2013).

Miller timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28

U.S.C. § 2255. (ECF No. 85). He then filed a Supplement to his Motion to Vacate with leave of the Court. (ECF No. 124). In the original and supplemental motions Defendant asserts 16 claims for relief. Judge Bryant, in his Report and Recommendation, found that each claim should be denied. Miller objects, arguing that (1) Judge Bryant did not rule on the judicial notice of conflict of counsel; (2) the Court permitted a constructive amendment of the indictment; (3) he is actually innocent of Count One because of the type of drug charge in the indictment; (4) he was immune from prosecution due to Government promises; (5) counsel was ineffective for requesting a base offense level of 32; (6) he can raise an ineffective assistance of counsel claim under § 2255 even though he did not raise it on direct appeal.

First, Miller argues that Judge Bryant did not address his claim of conflict of interest as it relates to his attached affidavit. In his Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 86), Miller requested that the Court take notice of an affidavit of his mother, Sandra Sullivan, which demonstrated a conflict of interest. A petitioner can establish a Sixth Amendment ineffective assistance of counsel claim if he can demonstrate "an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). The petitioner must prove both that his attorney acted under an actual conflict of interest, as opposed to just a potential one, and that the conflict of interest actually affected the adequacy of the representation. *See Johnson v. Norris*, 207 F.3d 515, 519 (8th Cir. 2000). A defendant is denied effective representation if counsel fails to subject the prosecutions case to meaningful adversarial testing. *United States v. Cronic*, 455 U.S. 648, 659 (1984); *see also Davis v. Alaska*, 415 U.S. 308, 318 (1974).

Miller argues that the affidavit of his mother supports his claim of ineffective assistance of counsel. In the affidavit, Miller's mother asserted that Miller's attorney told her that Miller was

"where he needed to be, (in prison)."  (ECF No. 86, pg. 4).  The affidavit also asserted that Miller's attorney expected that Miller would replace him.  These statements were made after Miller's conviction and after he had filed an appeal.  There is no evidence in the record that Miller's counsel denied him fair and effective assistance of counsel during the critical stages of the proceedings.  Therefore, Miller has not shown, through the affidavit of his mother and his conclusory allegations, that his lawyer was operating under an actual conflict of interest or that his representation was negatively affected.  Accordingly, his objection on this point should be denied.

Next, Miller argues that he was only charged with one conspiracy, but the Government amended the indictment such that he was charged with two additional conspiracies when the case went to the jury.  He asserts that this is a violation of his Constitutional right to be tried by a jury.  A defendant can be convicted only of the crime charged in the indictment, and the district court may not constructively amend the indictment.  *Stirone v. United States*, 361 U.S. 212, 215-17 (1960).  Miller asserts that Judge Bryant misconstrued the term "others" in his Report and Recommendation.  Miller is referring to Count One of the Indictment, which charged Miller with conspiring to distribute methamphetamine with "others known and unknown."  (ECF No. 4).  The "others" mentioned in closing were part of the same conspiracy, as demonstrated by the evidence at trial.  The Government mentioned two other conspiracies during its closing argument.  The Court has reviewed the record, and the minor extent to which they were mentioned is insufficient to be construed as a constructive amendment of the indictment.  His objection on this point should be overruled.

Miller next argues that "he may not be tried for the element of actual because it was not subsumed in the indictment."  He asserts that, because "actual" was not charge in the indictment, he was given an unreasonable sentence.  Count One of the indictment charges Miller with conspiring

to distribute a mixture or substance containing methamphetamine.  Evidence was presented that the controlled substance was methamphetamine.  Judge Bryant did not err in recommending the denial of Miller's actual innocence claim.

Miller further argues that the Government lied to him, tricking him to believing that he was an informant and immune to prosecution.  In his Motion to Vacate, Miller argues that, at trial, he "asserted that the Government Agencies involved avered, he was now a [sic] informant (Government Agent) and would not be prosecuted for his help toward the illegal drug war." (ECF No. 86, pg. 5). He also argues that the "Government asserted that they tricked him in believing this to charge him with." (ECF No. 86, pg. 5).  He does not point the Court to anywhere in the record where this evidence was introduced at trial.  Judge Bryant reviewed the trial testimony, and included in his Report and Recommendation all of the testimony Miller used to demonstrate that he was a confidential informant.  Miller presented no evidence that he was ever offered immunity from prosecution from the Government, and the defense of entrapment was unavailable because there was no evidence that he was asked to commit a crime.  Miller's right to due process has not been violated and Miller's contentions do not otherwise demonstrate a miscarriage of justice.

Miller next contends that his counsel was ineffective for requesting a base offense level of 32.  Miller asserts that the Court's sentence erroneously added all the counts against together, and that he should have been sentenced at a base level of 26.  The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.  *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).  However, "that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  *Massaro v. United States*, 538 U.S. 500, 509

(2003).  Here, Miller has constructed a sentencing argument as an ineffective assistance of counsel argument, attempting to fall within the rule from *Massaro*.  Counsel may afford ineffective assistance by failing to object at sentencing.  *See United States v. Ford*, 918 F.2d 1343, 1350 (8th Cir. 1990) (holding that defendant received ineffective assistance where counsel did not object to base offense level and Sentencing Commission had amended guidelines between preparation of the presentence report and sentencing).

He may bring this claim as an independent claim under § 2255.  To establish ineffective assistance of counsel, a petitioner must demonstrate: (1) that his or her attorney's performance was deficient; and (2) that such representation prejudiced her case.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The first prong is satisfied by showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment.  *Id.*  To satisfy the *Strickland* prejudice element, a petitioner must demonstrate that it is reasonably likely that, but for counsel's errors, the decision reached would have been different.  *Id.* at 696.

Under §2D1.1, a base offense level of 32 applies when there is at least 50 grams of actual methamphetamine, but less than 150 grams of methamphetamine.  Sixty-four grams of actual methamphetamine were attributed to Miller for the four controlled buys.  Accordingly, the base offense level of 32 was appropriate.

Finally, Miller objects to Judge Bryant's findings that some of his arguments are barred.  Judge Bryant found that Miller could not bring some of his arguments in his Motion to Vacate under 28 U.S.C. § 2255 because he did not raise them on direct appeal.  He argues that ineffective assistance of counsel claims may be brought on a collateral proceedings even if the claim could have been, but was not, raised in the direct appeal.  However, Judge Bryant addressed Miller's ineffective

assistance of counsel claims under the *Strickland* prejudice standard.  The claims Judge Bryant dismissed as not raised for the first time on direct appeal were not ineffective assistance of counsel claims.  Therefore, Miller waived those claims when he did not raise them on direct appeal.

Therefore, the Court adopts the Report and Recommendation *in toto*.  Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 85) is hereby denied and dismissed.  Further, the Court finds that, pursuant to 28 U.S.C. § 1915(a), an appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED**, this 15th day of October, 2015.


/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge