IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                       Case No. 4:11-cr-40009-001

DANIEL MILLER                                                 DEFENDANT

**ORDER**

Before the Court is Defendant Daniel Miller's Motion for Order of Court Directing the United States Probation Office to Correct and/or Delete Erroneous and Inaccurate Information. (ECF No. 167). The Government has responded. (ECF No. 168). The Court finds the matter ripe for consideration.

On February 24, 2011, Defendant was named in a five-count Indictment charging him with conspiracy to distribute 500 grams or more of methamphetamine and with four counts of aiding and abetting in the distribution of more than 5 grams of methamphetamine. On May 25, 2011, a jury returned a verdict finding Defendant guilty on all five counts.

After trial, the United States Probation Office ("USPO") prepared an initial Presentence Investigation Report ("PSR"), to which the parties offered a number of objections. On December 2, 2011, following a hearing in which the Court resolved Defendant's objections, the Court sentenced Defendant to 360 months' imprisonment on each count, running concurrently, followed by 5 years' supervised release.

On March 20, 2017, Defendant filed the instant motion, asking the Court to order the USPO to delete and/or correct all erroneous information contained within any record relevant to the judgment in this case. Specifically, Defendant states that certain information found in paragraphs 27, 38, and 61

of his PSR should be corrected or removed pursuant to Federal Rule of Criminal Procedure 36.[1] Defendant states that the information in these paragraphs adversely impact his custody classification within the Bureau of Prisons, as well as his ability to participate in certain self-betterment programs.

On July 10, 2017, the Government responded, arguing that the motion should be denied because the Court overruled Defendant's objections to paragraphs 27 and 38 at the December 2, 2011 hearing and because Defendant failed to raise the same objections on appeal. The Government also argues that Defendant failed to object at all to paragraph 61 and that Defendant has failed to show good cause for raising the objection now for the first time. The Government argues further that Rule 36 does not provide Defendant the relief he seeks because the errors asserted by Defendant are not "clerical errors" as contemplated by Rule 36 and because granting the motion would substantially alter Defendant's PSR, thus reducing his total criminal history points and criminal history category.

A PSR is meant to be accurate at the time a defendant is sentenced, and once a "district court has heard objections to the [PSR] and has imposed sentence, the district court's judisdiction over the defendant becomes very limited." *United States v. Lashley*, No. 4:99-CR-185 CAS, 2016 WL 6432788, at *1 (E.D. Mo. Oct. 31, 2016) (alteration in original). "Thus, postsentence challenges to a [PSR] . . . must be based on statutes or rules which give the district court jurisdiction to consider the challenge." *Id.* (alteration in original).

A court may "at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 specifically addresses clerical errors, or "mere scrivener's mistake[s]." *United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006) (per curiam); *see also Hodge v. United States*, No. 4:11-cv-0316-ERW, 2013 WL 627252, at *2 (E.D. Mo. Feb. 20, 2013) ("A clerical error must not be one of judgment or

---

[1] Paragraph 27 determines that Defendant should be assessed two criminal-history points for Burglary of Vehicles in 1991. Paragraph 38 concludes that Defendant should be assessed two additional criminal-history points because he was on probation at the time he committed the instant offenses. Paragraph 61 states that the USPO could not substantiate some of Defendant's work-history claims.

2

even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.") (quoting *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996)). "Rule 36 does not authorize a district court to modify a sentence at any time." *United States v. Tramp*, 30 F.3d 1035, 1037 (8th Cir. 1994).

The Court agrees with the Government that Rule 36 does not provide the relief Defendant seeks. As discussed above, Rule 36 allows for correction of clerical errors, but what Defendant seeks to "correct" is neither a clerical error nor "an error . . . arising from oversight or omission." "[T]he Eighth Circuit Court of Appeals has held that Rule 36 cannot be used to modify a presentence report after sentencing where the alleged inaccuracies are substantive issues rather than clerical oversights or omissions." *Lashley*, 2016 WL 6432788, at *2 (citing *United States v. Long*, 434 Fed. App'x. 567, 567-68 (8th Cir. 2011)).

Defendant requests that the Court order the correction or deletion of certain information from his PSR, which would reduce his total criminal history points and criminal history category. Defendant argues that paragraphs 27 and 38 of his PSR incorrectly stated that he was convicted of a felony in Texas and that he was on probation at the time of the instant offense. Defendant argues further that paragraph 61 of his PSR erroneously concluded that his work history could not be substantiated. Defendant's allegations that the Court should remove paragraphs 27, 38, and 61 because they are untrue raise a substantive issue with respect to the PSR, not a clerical oversight. *See id.* Thus, the Court does not have authority under Rule 36 to order amendment of Defendant's PSR as requested.

For the reasons stated above, the Court finds that Defendant's motion (ECF No. 167) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 5th day of October, 2017.

/s/ Harry F. Barnes  
Harry F. Barnes  
United States District Judge
